**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT COPELAND,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br>LEHMAN BROTHERS BANK, FSB; MONEYWORLD SALES/ MORTGAGES, INC.; AURORA LOAN SERVICES, INC.; and all other claimants of whatsoever kind and character against real property commonly known as 7066 Keighley Street, San Diego, CA 92120; APN 672-390-01-00; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　　Defendants. | CASE NO. 09cv1774-WQH-RBB<br><br>ORDER |

HAYES, Judge:

　　The matter before the Court is the Amended Motion to Dismiss ("Motion to Dismiss"), filed by Defendants Lehman Brothers Bank, FSB ("Lehman") and Aurora Loan Services, Inc. ("Aurora") (collectively, "moving Defendants"). (Doc. # 5).

**I.　Background**

　　On August 14, 2009, Plaintiff Scott Copeland initiated this action by filing a Complaint in this Court. (Doc. # 1).

　　**A.　Allegations of the Complaint**

　　Plaintiff is the owner of real property commonly known as 7066 Keighley Street, San Diego, CA 92120. On June 14, 2007, "[a]t the request of" Defendant Moneyworld

Sales/Mortgages, Inc. ("Moneyworld") and Lehman, Plaintiff obtained a loan from Lehman. (Doc. # 1 ¶ 14). Prior to the funding of the loan, Moneyworld and/or Lehman misrepresented the terms of the loan. All Defendants failed to provide Plaintiff with the proper disclosures required by state and federal law. At the time the loan was executed, all Defendants engaged in "predatory lending behavior," including "[c]reating the loan with a high APR," "[c]harging improper broker fees," "[c]harging excessive prepayment penalties," and "[r]ushing the loan closing." (Doc. # 1 ¶ 21). The loan contract "was incomprehensible to a standard consumer." (Doc. # 1 ¶ 22).

The Complaint alleges ten claims: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1667f; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692m; (4) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788; (5) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (6) negligent misrepresentation; (7) fraud; (8) rescission; (9) quasi-contract; and (10) "determination of validity of lien" (Doc. # 1 at 24).

### B. Motion to Dismiss

On October 8, 2009, Lehman and Aurora filed the Motion to Dismiss. (Doc. # 5). The moving Defendants contend:

> [N]ot one of Copeland's ten claims state a claim upon which relief can be granted. Copeland's federal claims all fail as a matter of judicially-noticeable fact or law. Copeland's state-law claims also fail either because they are categorically barred under the preemption doctrine or tender rule, or because they independently fail to state a cause of action against either Lehman or Aurora.

(Doc. # 5-1 at 2).

On October 30, 2009, Plaintiff filed an opposition to the Motion to Dismiss. (Doc. # 8). Plaintiff contends that the Motion to Dismiss should be denied in its entirety, or, alternatively, Plaintiff should be granted leave to amend the Complaint.

On November 9, 2009, the moving Defendants filed a reply brief. (Doc. # 9).

## II. Discussion

### A. Standard of Review

1    Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim
2 upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure
3 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain
4 statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).
5 Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal
6 theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police*
7 *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Courts may "consider ... matters of judicial notice
8 without converting the motion to dismiss into a motion for summary judgment." *U.S. v.*
9 *Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

10    To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint
11 "does not need detailed factual allegations" but the "[f]actual allegations must be enough to
12 raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
13 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
14 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
15 of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to
16 dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,
17 --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true
18 allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
19 inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g.,*
20 *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general
21 statement that Wal-Mart exercised control over their day-to-day employment is a conclusion,
22 not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted
23 conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion
24 to dismiss, the non-conclusory factual content, and reasonable inferences from that content,
25 must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret*
26 *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

27    **B.    Request for Judicial Notice**

28    "A district court ruling on a motion to dismiss may consider documents whose contents

1  are alleged in a complaint and whose authenticity no party questions, but which are not
2  physically attached to the plaintiff's pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06
3  (9th Cir. 1998) (quotation omitted). Also, "a district court ruling on a motion to dismiss may
4  consider a document the authenticity of which is not contested, and upon which the plaintiff's
5  complaint necessarily relies." *Id*. at 706.

6  The moving Defendants request that the Court take judicial notice of the documents
7  executed by Plaintiff and relating to the property at issue, including the Deed of Trust and the
8  Adjustable Rate Note, and the correspondence related to Plaintiff's qualified written request
9  made pursuant to the RESPA. (Request for Judicial Notice ("RJN"), Doc. # 5-2 & 5-3).
10  Plaintiff does not oppose the request for judicial notice.

11  The Complaint either references or necessarily relies upon each of the documents which
12  are the subject of the request for judicial notice. The authenticity of the documents has not
13  been challenged. Accordingly, the request for judicial notice is granted.

14      **C.    RESPA**

15          **1.    Allegations of the Complaint**

16  The Complaint alleges that Lehman and Moneyworld violated the RESPA at the
17  origination of the loan by failing to provide a good faith estimate. (Doc. # 1 ¶ 38). The
18  Complaint further alleges that all Defendants violated the RESPA by failing to adequately
19  respond to Plaintiff's "qualified written requests," which were sent to the moving Defendants
20  prior to the filing of the Complaint. (Doc. # 1 ¶¶ 18, 36-37). The Complaint also alleges:
21  "Plaintiff intends this action and this document to ... act as a 'qualified written request.'" (Doc.
22  # 1 ¶ 6).

23          **2.    Analysis**

24  The RESPA requires that mortgage lenders provide borrowers with a standard
25  disclosure form at or prior to the "settlement." 12 U.S.C. § 2603(b). This form must "itemize
26  all charges imposed upon the borrower and all charges imposed upon the seller in connection
27  with the settlement...." 12 U.S.C. § 2603(a). The RESPA also requires that "[i]f any servicer
28  of a federally related mortgage loan receives a qualified written request from the borrower (or

an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days ... unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). When a loan servicer receives a qualified written request, it must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the servicer believes the account is correct; or (2) why the requested information is unavailable. *See* 12 U.S.C. § 2605(e)(2).

The moving Defendants have submitted copies of a "good faith estimate" received by Plaintiff (and signed by him) on May 15, 2007 and again on June 14, 2007, when the loan transaction was consummated. (RJN, Ex. 7, 9, Doc. # 5-3). Plaintiff has not alleged or otherwise indicated that this good faith estimate failed to comply with the RESPA, and, if so, in what way.

The moving Defendants also have submitted a copy of Aurora's response dated February 7, 2009 to Plaintiff's qualified written request. (RJN, Ex. 14, Doc. # 5-3). Although the Complaint contains a general allegation that "Defendants failed to adequately respond" to the qualified written request (Doc. # 1 ¶ 37), Plaintiff fails to allege or otherwise indicate in what way Aurora's response failed to comply with the RESPA. The Complaint's allegations related to Plaintiff's RESPA claim are insufficient to satisfy the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. *See Twombly*, 550 U.S. at 555.

Finally, Plaintiff alleges that the Complaint itself serves as a qualified written request. Even if the Complaint does constitute a qualified written request within the meaning of RESPA, Plaintiff cannot plausibly allege that Aurora failed to timely respond to Plaintiff's qualified written request in the same document that contains Plaintiff's qualified written request. *See Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1232 (S.D. Cal. 2009).

The Motion to Dismiss the RESPA claims is granted.

**D.     TILA**

      **1.     Allegations of the Complaint**

The Complaint alleges that all Defendants "violated TILA at the time of origination

1  because, among other things: (a) the interest rate on the note and the Truth-in-Lending
2  disclosure were deceptively presented and not consistent; (b) the APR was not correctly
3  calculated; (c) the required payments to the lender and broker were not fully disclosed." (Doc.
4  # 1 ¶ 42). The Complaint alleges that "[a]ll Defendants have fraudulently concealed facts upon
5  which the existence of Plaintiff's claim for Negligent Misrepresentation is based, and as such,
6  the statute of limitations is tolled as to this Cause of Action."  (Doc. # 1 ¶ 41).

**2. Analysis**

The moving Defendants contend that Plaintiff's TILA claims are barred by the statute of limitations.

The TILA is intended to protect consumers in credit transactions by requiring disclosure of key terms of the lending arrangement and its related costs. *See* 15 U.S.C. § 1601 *et seq*. A lender's violation of the TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling.  A plaintiff's damage claims relating to improper disclosures under the TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan transaction is consummated. *See King v. State of California*, 784 F.2d 910, 915 (1986); *see also Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under the TILA occurs at the time the loan documents were signed).  The right to rescission under the TILA expires three days after the necessary disclosures are provided to the borrower. *See* 15 U.S.C. § 1635(a).

Plaintiff consummated his loan transaction on June 14, 2007. (RJN, Ex. 1, Doc. # 5-3). On the same day, Plaintiff received, and signed, the "Notice of Right to Cancel" and "Truth-in-Lending Statement" disclosures.  (RJN, Exs. 11-12, Doc. # 5-3).  These constituted the necessary disclosures to trigger the three-day rescission limitations period. *See* 12 C.F.R. § 226.23(a)(3) & n.48. Accordingly, Plaintiff's TILA claims are time-barred, unless the doctrine of equitable tolling applies. *See King*, 784 F.2d at 915.

The Ninth Circuit has held that equitable tolling of TILA claims may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower

1 discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the
2 basis of the TILA action." *Id.* at 914-15. District courts have discretion to evaluate specific
3 claims of fraudulent concealment and equitable tolling and "to adjust the limitations period
4 accordingly." *Id.* at 915. Because the applicability of the equitable tolling doctrine often
5 depends on matters outside the pleadings, it "is not generally amenable to resolution on a Rule
6 12(b)(6) motion." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995).
7 However, when a plaintiff fails to allege facts demonstrating that he could have not discovered
8 the alleged violations by exercising due diligence, dismissal may be appropriate. *See Meyer*,
9 342 F.3d at 902-03 (dismissing TILA claim and equitable tolling of the claim because plaintiff
10 was in full possession of all loan documents and did not allege any concealment of loan
11 documents or other action that would have prevented discovery of the alleged TILA
12 violations); *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir.1996) (finding that plaintiff
13 was not entitled to equitable tolling of her TILA claim because "nothing prevented [plaintiff]
14 from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and
15 regulatory requirements").

16 Plaintiff's conclusory allegation that "[a]ll Defendants have fraudulently concealed facts
17 upon which the existence of Plaintiff's claim for Negligent Misrepresentation is based," (Doc.
18 # 1 ¶ 41), is insufficient to satisfy the requisite pleading standards. *See Twombly*, 550 U.S. at
19 555. Plaintiff has failed to allege sufficient facts to show that equitable tolling may be
20 warranted. The Motion to Dismiss the TILA claims is granted.

21 **E.     FDCPA**
22      **1.     Allegations of the Complaint**
23 The Complaint alleges that all Defendants "intend ... to collect money as a debt
24 collector, and also to improperly collect private information from Plaintiff." (Doc. # 1 ¶ 48.)
25 The Complaint alleges that Defendants violated the FDCPA by engaging in "deceptive loan
26 modification practices" and improper debt collection practices." (Doc. # 1 at 13-14).
27      **2.     Analysis**
28 "The FDCPA makes it unlawful for debt collectors to use abusive tactics while

1  collecting debts for others." *Gentsch v. Ownit Mortgage Solutions Inc.*, No. CV F 09-649,
2  2009 U.S. Dist. LEXIS 45163, 2009 WL 1390843, at *7 (E.D. Cal., May 14, 2009) (citation
3  omitted). The FDCPA defines a debt collector as "any person ... who regularly collects or
4  attempts to collect ... debts owed or due or asserted to be owed or due another." 15 U.S.C. §
5  1692a(6). A "debt collector" does not include a person who collects or attempts to collect a
6  debt "to the extent such activity ... concerns a debt which was not in default at the time it was
7  obtained by such person." 15 U.S.C.1962a(6)(F). "The legislative history of section 1692a(6)
8  indicates conclusively that a debt collector does not include the consumer's creditors, a
9  mortgage servicing company, or an assignee of a debt, as long as the debt was not in default
10 at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985);
11 *see also Gentsch*, 2009 WL 1390843, at *7 (same). Additionally, "foreclosing on the property
12 pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA."
13 *Hulse v. Ocwen Fed. Bank, FSB*, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); *see also Gentsch*,
14 2009 WL 1390843, at *7 (same).

15 The Complaint fails to allege sufficient facts to show that either of the moving
16 Defendants is a "debt collector" or has engaged in the "collection of a debt" within the
17 meaning of the FDCPA. For this reason, the Motion to Dismiss the FDCPA claims is granted.

### F.     State Law Claims

19 The Complaint alleges that federal question jurisdiction exists pursuant to 28 U.S.C. §
20 1331, by virtue of the TILA and RESPA claims. (Doc. # 1 ¶ 11). The Complaint alleges that
21 the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §
22 1367(a). The Complaint does not allege that diversity jurisdiction exists.

23 The federal supplemental jurisdiction statute provides: "[I]n any civil action of which
24 the district courts have original jurisdiction, the district courts shall have supplemental
25 jurisdiction over all other claims that are so related to claims in the action within such original
26 jurisdiction that they form part of the same case or controversy under Article III of the United
27 States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise
28 supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). Because the Court has dismissed all of the federal law claims against the moving Defendants, the Court declines to exercise supplemental jurisdiction over the state law claims against the moving Defendants pursuant to 28 U.S.C. §1367(c)(3). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district court not required to provide explanation when declining jurisdiction under § 1367(c)(3)).

## III. Conclusion

The Amended Motion to Dismiss is **GRANTED**. (Doc. # 5). The Complaint is **DISMISSED** without prejudice as to Defendants Lehman Brothers Bank, FSB and Aurora Loan Services, Inc. No later than forty-five (45) days from the date of this Order, Plaintiff may file a motion for leave to amend the Complaint, accompanied by a proposed first amended complaint.

DATED: December 23, 2009

**WILLIAM Q. HAYES**
United States District Judge