# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| SCOTT COPELAND, | CASE NO. 09cv1774-WQH-RBB |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| LEHMAN BROTHERS BANK, FSB; MONEYWORLD SALES/ MORTGAGES, INC.; AURORA LOAN SERVICES, INC.; and all other claimants of whatsoever kind and character against real property commonly known as 7066 Keighley Street, San Diego, CA 92120; APN 672-390-01-00; and DOES 1 through 100, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Amend Complaint (Doc. # 14) and the Ex Parte Motion for Leave to File a Reply in Support of Motion to Amend Complaint in Excess of 10 Pages (Doc. # 22), both filed by Plaintiff.

**I.   Background**

On August 14, 2009, Plaintiff Scott Copeland initiated this action by filing a Complaint in this Court. (Doc. # 1).

On October 8, 2009, Defendants Lehman Brothers Bank, FSB ("Lehman") and Aurora Loan Services, Inc. ("Aurora") filed a motion to dismiss the Complaint. (Doc. # 5).

On December 23, 2009, the Court granted the motion to dismiss and dismissed the Complaint without prejudice. (Doc. # 11).

On February 5, 2010, Plaintiff filed the Motion to Amend Complaint, accompanied by

1  a proposed first amended complaint. (Doc. # 14).

2  On February 24, 2010, Defendants Lehman and Aurora filed filed an opposition to the
3  Motion to Amend Complaint. (Doc. # 18). Defendants contend: "The [proposed] amended
4  complaint could not survive a motion to dismiss because it sets forth no claims for which relief
5  could be had.... Because it is futile, the Court should deny leave to amend to file this
6  [proposed amended] complaint." (Doc. # 18 at 1).

7  On March 17, 2010, Plaintiff filed the Ex Parte Motion for Leave to File a Reply in
8  Support of Motion to Amend Complaint in Excess of 10 Pages (Doc. # 22), accompanied by
9  a reply brief in support of the Motion to Amend Complaint (Doc. # 23).

**II.  Discussion**

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

"While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that '[d]enial of leave to amend on [futility] ground[s] is rare.'" *Defazio v. Hollister, Inc.*, No. Civ. 04-1358, 2008 WL 2825045, at *2 (E.D. Cal., July 21, 2008) (quoting *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); citing, inter alia, *Big Bear Lodging Ass'n v. Snow Summit, Inc.*, 182 F.3d 1096, 1105 (9th Cir. 1999) ("Because this litigation is still in its early stages, leave should be liberally granted unless amendment would be futile.")). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula*, 212 F.R.D. at 539 (citation omitted).

Defendants do not contend that the proposed first amended complaint would impose undue prejudice or that Plaintiff has exhibited undue delay or bad faith.  Defendants' sole argument against granting leave to amend is futility.  "In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal., Oct. 31, 2006) ("Hynix's arguments should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend.").  After reviewing the proposed first amended complaint, the Court finds that this procedure is appropriate in this case.

**III.   Conclusion**

IT IS HEREBY ORDERED that Motion to Amend Complaint (Doc. # 14) is **GRANTED**, and the Ex Parte Motion for Leave to File a Reply in Support of Motion to Amend Complaint in Excess of 10 Pages (Doc. # 22) is **GRANTED**.  No later than **fourteen (14) days** from the date this Order is filed, Plaintiff may file the proposed first amended complaint which is attached to the Motion to Amend Complaint.

DATED:  April 7, 2010

**WILLIAM Q. HAYES**
United States District Judge