FILED
2010 JUL 15 PM 3:28
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT COPELAND,<br><br>                          Plaintiff,<br>vs.<br>LEHMAN BROTHERS BANK, FSB; MONEYWORLD SALES/ MORTGAGES, INC.; AURORA LOAN SERVICES, INC.; and all other claimants of whatsoever kind and character against real property commonly known as 7066 Keighley Street, San Diego, CA 92120; APN 672-390-01-00; and DOES 1 through 100, inclusive,<br>                         Defendants. | CASE NO. 09cv1774-WQH-RBB<br><br>ORDER |

HAYES, Judge:

     The matter before the Court is the Motion to Dismiss the First Amended Complaint, filed by Defendants Lehman Brothers Bank, FSB ("Lehman") and Aurora Loan Services, Inc. ("Aurora") (collectively, "moving Defendants"). (Doc. # 27).

**I.   Background**

     On August 14, 2009, Plaintiff Scott Copeland initiated this action by filing a Complaint in this Court. (Doc. # 1).

     On December 23, 2009, the Court granted Lehman and Aurora's motion to dismiss, and dismissed the Complaint without prejudice. (Doc. # 11).

     On April 20, 2010, Plaintiff filed the First Amended Complaint. (Doc. # 26).

### A. Allegations of the First Amended Complaint

Plaintiff is the owner of real property commonly known as 7066 Keighley Street, San Diego, CA 92120. (Doc. # 26 ¶ 1). On June 14, 2007, "[a]t the request of" Defendant Moneyworld Sales/Mortgages, Inc. ("Moneyworld") and Lehman, Plaintiff obtained a loan from Lehman. (Doc. # 26 ¶ 13). Prior to the funding of the loan, Moneyworld and/or Lehman misrepresented the terms of the loan. (Doc. # 26 ¶¶ 14-15). "Defendants failed to provide Plaintiff with the proper disclosures required under state and federal law." (Doc. # 26 ¶ 16). At the time the loan was executed, all Defendants engaged in "predatory lending behavior," including "[c]reating the loan with a high APR," "[c]harging improper broker fees," "[c]harging excessive prepayment penalties," and "[r]ushing the loan closing." (Doc. # 26 ¶ 20). The loan contract "was incomprehensible to a standard consumer." (Doc. # 26 ¶ 21).

The First Amended Complaint alleges eight claims: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 *et seq.*; (2) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (3) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200; (4) negligent misrepresentation; (5) fraud; (6) rescission; (7) quasi-contract; and (8) "determination of validity of lien" (Doc. # 26 at 26).

### B. Motion to Dismiss

On May 3, 2010, the moving Defendants filed the Motion to Dismiss, seeking the dismissal of all claims against the moving Defendants in the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). (Doc. # 27). The moving Defendants contend:

> Plaintiff's first amended complaint cannot survive this Rule 12(b)(6) motion to dismiss. In many respects, it is little changed from the complaint the Court already dismissed. It continues to assert time-barred TILA claims and non-actionable supposed RESPA violations. Many of the state law claims are preempted by federal law. Some are not causes of action at all, but remedies. The entire first amended complaint should be dismissed with prejudice against Lehman and Aurora.

(Doc. # 27-1 at 22).

On May 24, 2010, Plaintiff filed a response in opposition to the Motion to Dismiss. (Doc. # 30). Plaintiff contends that the Motion to Dismiss should be denied in its entirety, or,

1  alternatively, Plaintiff should be granted leave to amend the First Amended Complaint.

2      On May 27, 2010, the moving Defendants filed a reply brief. (Doc. # 32).

3  **II.**  **Discussion**

4      **A.**  **Standard of Review**

5      Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim
6  upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6)
7  is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support
8  a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
9  1990). Courts may "consider ... matters of judicial notice without converting the motion to
10 dismiss into a motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir.
11 2003).

12     To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint
13 "does not need detailed factual allegations" but the "[f]actual allegations must be enough to
14 raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
15 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
16 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
17 of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to
18 dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,
19 --- U.S. ----, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true
20 allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
21 inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum,
22 for a complaint to survive a motion to dismiss, the non-conclusory factual content, and
23 reasonable inferences from that content, must be plausibly suggestive of a claim entitling the
24 plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations
25 omitted).

26     **B.**  **Request for Judicial Notice**

27     "A district court ruling on a motion to dismiss may consider documents whose contents
28 are alleged in a complaint and whose authenticity no party questions, but which are not

physically attached to the plaintiff's pleading." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (quotation omitted). Also, "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at 706.

The moving Defendants request that the Court take judicial notice of the documents executed by Plaintiff and relating to the property at issue, including the Deed of Trust and the Adjustable Rate Note, and the correspondence related to Plaintiff's qualified written request made pursuant to the RESPA. (Request for Judicial Notice ("RJN"), Doc. # 27-2). Plaintiff does not oppose the request for judicial notice.

The First Amended Complaint either references or necessarily relies upon each of the documents which are attached to the request for judicial notice. The authenticity of the documents has not been challenged. Accordingly, the request for judicial notice is granted.

C.   **RESPA**

1.   **Allegations of the First Amended Complaint**

The First Amended Complaint alleges that Aurora "failed to adequately respond" to Plaintiff's qualified written request ("QWR") in violation of 12 U.S.C. § 2605(e)(1)(A). (Doc. # 26 ¶ 39). The First Amended Complaint alleges that Aurora "failed to provide the requested information including but not limited to: documentation and proof of ownership for all parties currently holding any ownership rights under the note relating to the loan; yield spread premiums or other payments made to any broker, lender or servicer in the course of servicing the loan, or transferring servicing or ownership of the loan; documents evidencing the servicer's acquisition of the loan; pooling and servicing agreements related to the loan; all documents evidencing [Aurora]'s acquisition of the loan." (Doc. # 26 ¶ 38). The First Amended Complaint alleges that as a result of the Defendant's failure to adequately respond to the QWR, Plaintiff sustained damages, and as a result, is entitled to recover both statutory and punitive damages under RESPA. (Doc. # 26 ¶ 41). The First Amended Complaint also alleges that "Defendants failed to provide Plaintiff with a copy of the GFE [i.e., good faith estimate]." (Doc. # 26 ¶ 40).

### 2. Analysis

#### a. Qualified Written Request

Section 2605 of RESPA requires that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days ... unless the action requested is taken within such period." 12 U.S.C. § 2605(e)(1)(A). "Not all requests that relate to the loan are related to the *servicing* of the loan." *Williams v. Wells Fargo, N.A.*, No. C 10-00399, 2010 WL 1463521, at *3 (N.D. Cal. April 13, 2010) (citations omitted). A loan servicer only has a duty to respond if the information request is related to loan servicing. *See, e.g., id.*; *Champlain v. BAC Home Loans Servicing, LP*, No. S-09-1316, 2009 WL 3429622, at *7 (E.D. Cal. Oct.22, 2009). If a loan servicer fails to comply with the provisions of § 2605, a borrower shall be entitled to "any actual damages to the borrower as a result of the failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of [§ 2605]." 12 U.S.C. § 2605(f)(1).

#### i. Actual Damages

"Numerous courts have read Section 2605 as requiring a showing of pecuniary damages to state a claim." *Molina v. Wash. Mut. Bank*, No. 09cv894, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010) (collecting cases); *see also Eronini v. JP Morgan Chase Bank NA*, No. 08-55929, 2010 WL 737841, at *1 (9th Cir. Mar. 3, 2010) ("The district court properly dismissed the action because Eronini suffered no damages as a result of the alleged RESPA violation."). "This pleading requirement has the effect of limiting the cause of action to circumstances in which plaintiff can show that a failure to respond or give notice has caused them actual harm." *Shepherd v. Am. Home Mortg. Servs., Inc.*, No. 09-1916, 2009 WL 4505925, at *3 (E.D. Cal. Nov. 20, 2009) (citation omitted). Courts "have interpreted this requirement liberally." *Yulaeva v. Greenpoint Mortg. Funding, Inc.*, No. 09-1504, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 9, 2009) (plaintiff sufficiently pled actual damages where plaintiff alleged she was required to pay a referral fee prohibited under RESPA).

Plaintiff alleges that "[a]s a proximate result of the negligent conduct of Defendants and their failure[] [to respond to the qualified written request], Plaintiff sustained damages, including monetary loss, medical expenses, emotional distress, loss of employment, loss of credit, loss of opportunities, and other damages to be determined at trial." (Doc. # 26 ¶ 41). Even reading the First Amended Complaint liberally, Plaintiff fails to plead non-conclusory factual allegations indicating how he was damaged by the alleged failure to fully respond to the QWR. *Cf. Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1097 (N.D. Cal. 2009) ("Allen only offers the conclusory statement that 'damages consist of the loss of plaintiff's home together with his attorney fees.' He has not actually attempted to show that the alleged RESPA violations caused any kind of pecuniary loss (indeed, his loss of property appears to have been caused by his default)."). The Court concludes that Plaintiff's RESPA claim for actual damages for failure to respond to the QWR is insufficiently pled.

### ii. Statutory Damages

To recover statutory damages, a Plaintiff must plead a pattern or practice of noncompliance with RESPA. *See* 12 U.S.C. § 2605(f)(1)(b).

Plaintiff alleges that he is entitled to statutory damages (Doc. # 26 ¶ 41), but he does not allege facts which would plausibly show a pattern and practice of RESPA violations by Defendants. *See Lal v. Am. Home Mortg. Servicing*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010) (RESPA claim deficient because "Plaintiffs flatly claim a pattern of noncompliance but state no facts other than the assurance that at trial they will present other customers who also did not receive QWR responses from Defendant."); *see also Garvey v. Am. Home Mortg. Servicing, Inc.*, No. CV-09-973, 2009 WL 2782128, at *2 (D. Ariz. Aug. 31, 2009) (same). The Court concludes that Plaintiff's RESPA claim for statutory damages for failure to respond to the QWR is insufficiently pled.

The Motion to Dismiss the RESPA claim for failure to respond to the QWR is granted.

### b. Good Faith Estimate

The First Amended Complaint alleges that Defendants violated RESPA because "Defendants failed to provide Plaintiff with a copy of the GFE." (Doc. # 26 ¶ 40).

1  The Court has taken judicial notice of documents signed by Plaintiff, indicating that on May 15, 2007 and June 14, 2007, Plaintiff received a "good faith estimate" of the charges he was likely to incur. (RJN, Exs. # 7, 9, Doc. # 27-2).

Even if Plaintiff did not receive a good faith estimate, RESPA does not provide a private right of action for a violation of the "good faith estimate" requirement, 12 U.S.C. § 2604(c). *See Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) ("There is no private civil action for violation of 12 U.S.C. § 2604(c), or any regulation relating to it."); *Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1232-33 (S.D. Cal. 2009) (same).

The Motion to Dismiss the RESPA claim for failure to provide a good faith estimate is granted.

### D.  TILA

#### 1.  Allegations of the First Amended Complaint

The First Amended Complaint alleges that all Defendants violated TILA and related regulations "at the time of origination because, among other things: (a) the interest rate on the note and the Truth-in-Lending disclosure were deceptively presented and not consistent; (b) the APR was not correctly calculated; (c) the required payments to the lender and broker were not fully disclosed." (Doc. # 26 ¶ 46). The First Amended Complaint alleges that "[a]ll Defendants have fraudulently concealed facts upon which the existence of Plaintiff's claim for Negligent Misrepresentation is based, and as such, the statute of limitations is tolled as to this Cause of Action." (Doc. # 26 ¶ 43).

#### 2.  Analysis

The moving Defendants contend that Plaintiff's TILA claims are barred by the statute of limitations.

TILA is intended to protect consumers in credit transactions by requiring "meaningful disclosure of credit terms." 15 U.S.C. § 1601(a). A lender's violation of TILA allows the borrower to seek damages or to rescind a consumer loan secured by the borrower's primary dwelling. A plaintiff's damage claims relating to improper disclosures under TILA are subject to a one-year statute of limitations, 15 U.S.C. § 1640(e), which runs from the time the loan

transaction is consummated. *See King v. State of Cal.*, 784 F.2d 910, 915 (1986); *see also Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (failure to make the required disclosures under TILA occurs at the time the loan documents were signed). The right to rescission under TILA expires three days after the necessary disclosures are provided to the borrower. *See* 15 U.S.C. § 1635(a).

Plaintiff consummated his loan transaction on June 14, 2007. (RJN, Ex. 1, Doc. # 27-2). On the same day, Plaintiff received, and signed, the "Notice of Right to Cancel" and "Truth-in-Lending Statement" disclosures. (RJN, Exs. 11-12, Doc. # 27-2). These constituted the necessary disclosures to trigger the three-day rescission limitations period. *See* 12 C.F.R. § 226.23(a)(3) & n.48. This lawsuit was initiated on August 14, 2009. (Doc. # 1). Accordingly, Plaintiff's TILA claims are time-barred, unless the doctrine of equitable tolling applies. *See King*, 784 F.2d at 915.

Equitable tolling of TILA claims may be appropriate "in certain circumstances," and can operate to "suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." *Id.* at 914-15. District courts have discretion to evaluate specific claims of fraudulent concealment and equitable tolling and "to adjust the limitations period accordingly." *Id.* at 915. Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it "is not generally amenable to resolution on a Rule 12(b)(6) motion." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995). However, when a plaintiff fails to allege facts demonstrating that he could have not discovered the alleged violations by exercising reasonable diligence, dismissal is appropriate. *See Meyer*, 342 F.3d at 902-03 (refusing to apply equitable tolling to TILA claim because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations); *Hubbard v. Fid. Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) (finding that plaintiff was not entitled to equitable tolling of her TILA claim because "nothing prevented [plaintiff] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements").

Plaintiff's conclusory allegation that "[a]ll Defendants have fraudulently concealed facts upon which the existence of Plaintiff's claim for Negligent Misrepresentation is based," (Doc. # 26 ¶ 43), is insufficient to satisfy the requisite pleading standards. *See Twombly*, 550 U.S. at 555. Plaintiff has failed to allege sufficient facts to show that equitable tolling may be warranted. The Motion to Dismiss the TILA claims is granted.

### E.     State Law Claims

The First Amended Complaint alleges that federal question jurisdiction exists pursuant to 28 U.S.C. § 1331, by virtue of the TILA and RESPA claims. (Doc. # 26 ¶ 10). The First Amended Complaint alleges that the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. (Doc. # 26 ¶ 11). The First Amended Complaint does not allege that diversity jurisdiction exists.

The federal supplemental jurisdiction statute provides: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §1367(c). Because the Court has dismissed all of the federal law claims against the moving Defendants, the Court declines to exercise supplemental jurisdiction over the state law claims against the moving Defendants pursuant to 28 U.S.C. §1367(c). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").

**III.   Conclusion**

The Motion to Dismiss is GRANTED. (Doc. # 27). The First Amended Complaint is DISMISSED without prejudice as to Defendants Lehman Brothers Bank, FSB and Aurora Loan Services, Inc. No later than thirty (30) days from the date of this Order, Plaintiff may file a motion for leave to amend the First Amended Complaint, accompanied by a proposed second amended complaint.

DATED: 7/15/10

WILLIAM Q. HAYES
UNITED STATES DISTRICT COURT